UNITED STATES DISTSRICT COURT
FOR THE DISTRICT OF RHODE ISLAND\

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CR No.: 06-0078ML |
| | : | |
| SCOTT HILL | : | |

**DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE**

NOW COMES the defendant, SCOTT HILL, and moves that this Honorable Court depart downward from the sentencing guideline level determined to be applicable. The reasons for this motion are set forth in the accompanying memorandum.

SCOTT HILL
By his attorney,

*/s/ William C. Dimitri*
WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I, the undersigned, do hereby certify that a true copy of the within Motion For Downward Departure with Memorandum was mailed on the 28th day of December, 2006 to: James H. Leavey, AUSA via Electronic Filing and Heather McLoughlin, U.S. Probation via Facsimile.

*/s/ William C. Dimitri*

UNITED STATES DISTSRICT COURT
FOR THE DISTRICT OF RHODE ISLAND\

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| -vs- | : | CR No.: 06-0078ML |
| | : | |
| SCOTT HILL | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Defendant, Scott Hill, pleaded guilty to the instant indictment which charged him with one count of bank robbery. His co-defendant, Duwayne Womack also entered a plea of guilty and has been sentenced by this court to a term of imprisonment of 120 months.

The applicable guidelines and hence the presentence report categorize Mr. Hill as a career offender and therefore establishes an undisputed base offense level of 32 and a criminal history category VI. Upon a plea and being given credit for accepting responsibility, Mr. Hill's adjusted offense level is reduced to 29 which places him in a sentencing range of 151-188 months.

There were no objections filed on this determination and the defendant accepts the classification of a career offender.

The defendant is fully aware of the fact that his co-defendant sought and was granted a downward departure and acknowledges that the nature and circumstances of the offense conduct do differ between himself and Mr. Womack.

It is undisputed for instance that it was this defendant, Mr. Hill, that actually entered the bank and demanded the money (i.e., committed the robbery) while Mr.

Womack waited outside the building to act as a lookout. They were both, however, involved in the less than extensive planning stage of the robbery and shared the same motivation for committing the robbery, i.e., they needed money to purchase drugs.

The court is well aware that the statutory authority for requesting a downward departure is found in 18 USC §3553(a) "which requires the courts to consider a number of factors in imposing sentences, United States v. Pho, 433 F.3d 53, 61-62 (1st Cir,, 2006), including 'the nature and circumstances of the offense and the history and characteristics of the defendant,' 18 USC §3553(a)(1), . . . United States v. Corey Smith, 455 F.3d 1, 3(1st Cir. 2006)."

As already indicated, the defendant acknowledges that the circumstances of the offense conduct tend to weigh a little more heavily against him but contend that his history and background give the court a sufficient basis for departing downward from the established and undisputed guideline level.

Mr. Hill like his co-defendant had an extraordinarily disadvantaged upbringing as evidenced by the facts contained in the presentence report:

-he never had contact with his biological father (Luke Jermaine) who actually left the defendant's mother prior to his birth;

-although adopted by his mother's husband at age 15 (sometime in 1986) his childhood was abusive;

-his stepfather did not accept Mr. Hill's sexual orientation and forced him to kneel on a 2 x 4 in order to "toughen him up";

-he witnessed and was a victim of extensive domestic violence at the hands of his stepfather;

-he was a victim of physical violence at the hands of his mother who hit him with a billy club. He was for a time thereafter placed in foster care but then returned to his mother;

-although disputed by his mother (who refused to be interviewed for Mr. Hill's PSR – despite counsel's request that she do so), he was sexually abused by his uncle between the ages of 6 and 8;

-by age 12 his behavior had deteriorated and he began setting brush fires;

-by age 16 he was "evicted" from his parent's home over his sexual orientation and was forced to "live on the streets";

-he was subsequently incarcerated thereafter;

-additionally he had heart surgery at age 5;

-suffered head injuries in a car accident at age 15 which resulted in ongoing seizures;

-he was sexually assaulted in prison in 1993, 1994, 2001 and again in 2006 and remains susceptible to abuse while incarcerated;

-he presently suffers from a seizure disorder, hepatitis C, ADHD;

-he has been diagnosed with post-traumatic stress disorder, borderline personality disorder, anti-social personality disorder and major depression;

-he has been hospitalized for suicidal ideation and actually attempting suicide;

-he has a lengthy history of poly substance abuse and in fact was under the influence of and high on cocaine base at the time he committed the instant offense;

-he has, due to the circumstances of his upbringing, limited education and virtually no employment history.

Despite some disagreement over Mr. Hill's ultimate diagnoses, there is no doubt and can be no doubt that he has suffered various forms of traumas throughout his life and will continue to be susceptible to abuse while incarcerated.

Mr. Hill has suffered through an extraordinarily disadvantaged, deprived and abusive life and has in all likelihood become so institutionalized that only intensive therapy during the course of his incarceration will assist him to overcome the difficulties he has survived thus far.

The defendant respectfully moves that this Honorable Court consider as it should, his history and characteristics and depart downward from the established guideline level and in lieu of prolonged incarceration, order that Mr. Hill engage in psychological and/or psychiatric counseling as well as continued substance abuse counseling while incarcerated.

SCOTT HILL
By his attorney,

*/s/ William C. Dimitri*
WILLIAM C. DIMITRI, ESQ. #3129
462 Broadway
Providence, RI 02909
Tel (401) 273-9092
Fax (401) 331-1898

**CERTIFICATION**

I, the undersigned, do hereby certify that a true copy of the within Memorandum was mailed on the 28th day of December, 2006 to: James H. Leavey, AUSA via Electronic Filing and Heather McLoughlin, U.S. Probation via Facsimile.

/s/ *William C. Dimitri*